UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIA ALVES, individually, and on behalf of all others similarly situated, :

                          Plaintiff,       :     **Civil Action No. 16-cv-1593 (KMK)**

-against- :

AFFILIATED HOME CARE OF PUTNAM, INC., and :   **ANSWER TO FIRST AMENDED COMPLAINT**
BARBARA KESSMAN, in her individual capacity,

                          Defendants.
------------------------------------------------------------------------X

Defendants AFFILIATED HOME CARE OF PUTNAM, INC. ("Affiliated"), and, BARBARA KESSMAN (and collectively, "Defendants"), by their attorneys, Felsenfeld Legal, PLLC, offers their first amended answer, affirmatively response, and counterclaim to the First Amended Complaint herein as follows:

1. Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that the plaintiff purports to bring this action under the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., as amended (hereinafter, "FLSA"); and, New York State's Labor Law, Article 6, along its complementary regulations at 12 NYCRR 142-2.2 (hereinafter collectively, "NY Labor Law").

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that the FLSA and NYS Labor Law control plaintiff's employment status with Affiliated.

4. Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that plaintiff was an employee of Affiliated from on or about October 7, 2006 until on or about December 4, 2015.

5. Admits, on information and belief, the allegations contained in paragraph 5 of the Complaint.

6. Admits the allegations contained in paragraph 6 of the Complaint.

7. Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Affiliated, at all relevant times has engaged individuals, including plaintiff, as personal care aides ("PCA"'s) to provide in-home care to individuals requiring of such service.

8. Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that the FLSA and NYS Labor Law control plaintiff's employment status with Affiliated.

9. Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that defendant Kessman is the principal shareholder and executive officer of Affiliated.

10. Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that defendant Kessman regularly exercises the day-to-day operational control of Affiliated.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore same is denied with strict proof thereof demanded.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore same is denied with strict proof thereof demanded.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore same is denied with strict proof thereof demanded.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore same is denied with strict proof thereof demanded.

15. Admits the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore same is denied with strict proof thereof demanded.

17. Denies each and every allegation contained in paragraph 17 of the Complaint, but admits that Affiliated has provided PCA's in the State of New York, in the counties of Dutchess, Putnam and Westchester.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that Affiliated has received compensation from Medicaid, private insurance carriers and directly by clients.

20. Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that plaintiff's scope of duties included the assistance of clients with activities of daily living.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22. Denies each and every the allegation contained in paragraph 22 of the Complaint, but admits that depending on the client and program, plaintiff was compensated between $12 and $14 per hour for her services as a PCA.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that plaintiff purports to establish a "class action" pursuant to the requirements of Federal Rules of Civil Procedure ("FRCP"), Rule 23 and 29 U.S.C. § 216(b).

33. Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that plaintiff purports to establish a class action.

34. Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that plaintiff purports to establish a class action.

35. Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that plaintiff purports to establish a class action.

36. Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that plaintiff purports to establish a class action.

37. Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that the plaintiff purports her counsel should represent such "class" in such purported class action.

38. Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that plaintiff purports to establish a class action.

39. Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that plaintiff purports to establish a class action.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and therefore same is denied with strict proof thereof demanded.

46. Admits the allegations contained in paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and therefore same is denied with strict proof thereof demanded

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint, but admit that Defendants did not determine to litigate its claims against plaintiff until commencement of the instant litigation by plaintiff.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. In response to the allegations contained in paragraph 53 of the Complaint, Affiliated and Kessman repeat and reallege their response to each and every allegation contained in paragraphs 1 through 52 of the Complaint.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, but avers that the document "annexed" to the Complaint speaks for itself.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. In response to the allegations contained in paragraph 57 of the Complaint, Affiliated and Kessman repeat and reallege their response to each and every allegation contained in paragraphs 1 through 56 of the Complaint.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. In response to the allegations contained in paragraph 60 of the Complaint, Affiliated and Kessman repeat and reallege their response to each and every allegation contained in paragraphs 1 through 59 of the Complaint.

61. Denies each and every allegation contained in paragraph 61 of the Complaint.

62. Denies each and every allegation contained in paragraph 62 of the Complaint.

63. Denies each and every allegation contained in paragraph 63 of the Complaint.

64. In response to the allegations contained in paragraph 64 of the Complaint, Affiliated and Kessman repeat and reallege their response to each and every allegation contained in paragraphs 1 through 63 of the Complaint.

65. Denies each and every allegation contained in paragraph 65 of the Complaint.

66. Denies each and every allegation contained in paragraph 66 of the Complaint.

67. Denies each and every allegation contained in paragraph 67 of the Complaint.

68. Denies each and every allegation contained in paragraph 68 of the Complaint.

69. In response to the allegations contained in paragraph 69 of the Complaint, Affiliated and Kessman repeat and reallege their response to each and every allegation contained in paragraphs 1 through 68 of the Complaint.

70. Denies each and every allegation contained in paragraph 70 of the Complaint.

71. Denies each and every allegation contained in paragraph 71 of the Complaint.

72. Denies each and every allegation contained in paragraph 72 of the Complaint.

73. Denies each and every allegation contained in paragraph 73 of the Complaint.

74. WHEREFORE, Affiliated and Kessman deny that plaintiff is entitled to any requested relief.

<u>FIRST AFFIRMATIVE DEFENSE</u>

75. Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

76. Kessman is not a proper party to this action, and should be dismissed therefrom.

### THIRD AFFIRMATIVE DEFENSE

77. Items of relief demanded by Plaintiff are improper in whole or in part because such relief exceeds the scope of the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

78. To the extent same is applicable, the Statute of Limitations pursuant to the FLSA is two years.

### FIFTH AFFIRMATIVE DEFENSE

79. To the extent same is applicable, the Statute of Limitations pursuant to the NY Labor Law is six years.

### SIXTH AFFIRMATIVE DEFENSE

80. Prior to October 13, 2015, Overtime requirements did not apply to a PCA such as plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

81. The failure to pay such Overtime to plaintiff pre-litigation due to the confusion caused by the Department of Labor advices that it would not enforce Overtime for a PCA before January 1, 2016, and thus not wilfull.

### EIGHTH AFFIRMATIVE DEFENSE

82. Other than plaintiff, no other employees of Affiliated had any accrued Overtime between October 13 and December 31, 2015 for which compensation thereof has not been paid or otherwise processed for payment.

## NINTH AFFIRMATIVE DEFENSE

83. Plaintiff has been tendered any owed Overtime prior to the preparation and filing of the Answer to the initial Complaint; and thus, prior to the instantly responded, Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

84. Other than the Overtime payment that has been tendered to plaintiff prior to this Answer, plaintiff has suffered no compensable injury.

## ELEVENTH AFFIRMATIVE DEFENSE

85. The scope of duties assigned by defendants, or either of them, at all relevant times to October 13, 2015, were appropriately exempt from FLSA overtime requirements ("Exempted Period").

## TWELFTH AFFIRMATIVE DEFENSE

86. To the extent any of the duties as set forth in paragraph 20 of the Complaint may be deemed by this Court to be duties beyond the scope of an Overtime exempt PCA during the Exempted Period, such work was so *de minimus* as to not disturb Affiliated's exemption as to plaintiff's employment.

## THIRTEENTH AFFIRMATIVE DEFENSE

87. To the extent any of the duties as set forth in paragraph 20 of the Complaint may be deemed by this Court to be duties beyond the scope of an Overtime exempt PCA during the Exempted Period, and such work was not so *de minimus* as to not disturb Affiliated's Overtime exemption as to plaintiff's employment; such services would have been the result of a "side" agreement

between plaintiff and the individual(s) with whom she was providing service to, and not by the authority or direction of defendants, or either of them.

### FOURTEENTH AFFIRMATIVE DEFENSE

88. Enforcement of a breach of contract claim cannot be retaliatory except in the most exceptional circumstances which are not present in this litigation.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

89. In New York, there is a 6 year stature of limitations to commence a claim in breach of contract; while here less than 3 months elapsed prior to last day of plaintiffs Employment and the filing of plaintiff's initial Complaint, and the failure to earlier commence an action based upon such a breach may not reasonably suggest retaliation, or otherwise laches as an affirmative defense to the instant counterclaim.

### SIXTEENTH AFFIRMATIVE DEFENSE

90. Factual allegations offered "upon information and belief" are appropriate wherein they consist of allegations to plausibly suggest such a proffer be true; especially so when as here, where plaintiff or some third party would be expected to be in possession of such a "fact" *per se*.

### SEVENTEENTH AFFIRMATIVE DEFENSE

91. Plaintiff should be denied relief by virtue of the doctrine of unclean hands, not limited to the Counterclaim set forth at paragraphs 102-130 below.

### EIGHTEENTH AFFIRMATIVE DEFENSE

92. The class action as brought is presented in bad faith, vexatiously, wantonly or for oppressive reasons, and an award of attorneys' fees to the defendant is warranted pursuant to 28 U.S.C. § 2412.

### NINETEENTH AFFIRMATIVE DEFENSE

93. Plaintiff having been tendered the requisite Overtime, has thereafter acted in bad faith, vexatiously, wantonly or for oppressive reasons in continuing this action, and any award of attorneys fees pursuant to 29 U.S.C. § 216 should be appropriately capped to this Court's lode star determination of the fees involved in preparing a summons and complaint in conformance with FRCP, Rules 3 and 4.

### TWENTIETH AFFIRMATIVE DEFENSE

94. Plaintiff having been tendered any requisite Overtime, she has thereafter acted in bad faith, vexatiously, wantonly or for oppressive reasons in continuing this action, and an award of attorneys fees to the defendant is warranted pursuant to 28 U.S.C. § 2412.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

95. Interposition of a claim or counterclaim to enforce a signed writing; herein, Affiliated's counterclaim seeking to enforce plaintiff's signed writing wherein she agreed on or about October 2, 2006, "not to accept employment, either directly or indirectly from any client of Affiliated to whom I have been assigned, for at least 90 days after the last day of my assignment" (hereinafter, the "Contract"), does not rise to an act of "retaliation."

### TWENTY-SECOND AFFIRMATIVE DEFENSE

96. Plaintiff's fourth and fifth causes of action in retaliation, based upon defendants counterclaim that plaintiff had breached her Contract with Affiliated, are presented for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" as contemplated by FRCP Rule 11(b)(1), and thus sanctions not limited to an award of attorneys fees to the defendant is warranted pursuant to FRCP Rule 11(c).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

97. Plaintiff's fourth and fifth causes of action in retaliation, based upon defendants counterclaim that plaintiff had breached her Contract with Affiliated, are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" as contemplated by FRCP Rule 11(b)(2), and thus sanctions to the defendant are warranted pursuant to FRCP Rule 11(c).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

98. Plaintiff's fourth and fifth causes of action in retaliation, based upon defendants counterclaim that plaintiff had breached her Contract with Affiliated, "lack evidentiary support" as contemplated by FRCP Rule 11(b)(3), and thus sanctions not limited to an award of attorneys fees to the defendant is warranted pursuant to FRCP Rule 11(c).

TWENTY-FIFTH AFFIRMATIVE DEFENSE

99. Plaintiff's fourth and fifth causes of action in retaliation, based upon defendants counterclaim that plaintiff had breached her Contract with Affiliated, are "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" as contemplated by New York's Administrative Rules of the Unified Court System & Uniform Rules of the Trial Court, Rules of the Chief Administrative Judge (the "NYCRR"), 130.1-1, and thus an award of costs and/or sanctions, not limited to attorneys fees, should be awarded defendants therefore.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

100. Plaintiff's fourth and fifth causes of action in retaliation, based upon defendants counterclaim that plaintiff had breached her Contract with Affiliated, "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure" defendants or either of them, as contemplated by NYCRR 130.1-1, and thus an award of costs and/or sanctions, not limited to attorneys fees, should be awarded defendants therefore.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

101. Plaintiff's fourth and fifth causes of action in retaliation, based upon defendants counterclaim that plaintiff had breached her Contract with Affiliated, "asserts material factual statements that are false" as contemplated

by NYCRR 130.1-1, and thus an award of costs and/or sanctions, not limited to attorneys fees, should be awarded defendants therefore.

## AS AND FOR A COUNTERCLAIM

102. Plaintiff approached Affiliated seeking employment as a PCA with it, on or about October 2, 2006 ("Employment").

103. As a condition of such Employment, on or about October 2, 2006, plaintiff entered into the Contract, wherein she agreed "not to accept employment, either directly or indirectly from any client of Affiliated to whom I have been assigned, for at least 90 days after the last day of my assignment."

104. Affiliated is licensed, and does business exclusively, in the Counties of Dutchess, Putnam and Westchester, within the State of New York.

105. From on or about April 1, 2013 to November 4, 2015, plaintiff was assigned to provide services as a PCA to Aida Goncalez, a client of Affiliated.

106. As of April 1, 2013 and until July 1, 2014, Ms. Goncalez' Medicaid insurance carrier, Fidelis Care, was billed by Affiliated at a rate of $22.00 per each PCA hour worked.

107. On July 1, 2014, Fidelis Care reduced the remuneration rate it would pay Affiliated to the rate of $18.55 per each PCA hour worked.

108. From April 1, 2013 and to July 10, 2014, plaintiff received $14 per hour for each PCA hour she worked for Ms. Goncalez.

109. Based upon the rate reduction of $3.45 per hour, plaintiff was advised by defendants that her rate of pay for each PCA hour she worked for Ms. Goncalez would be reduced by $1 per each hour so worked.

110. Alternative to a reduction in her pay, defendants offered plaintiff reassignment to a higher compensating client.

111. Notwithstanding the foregoing offer, Plaintiff informed defendants that she wished to remain as a PCA to Ms. Goncalez.

112. Thereafter, and to the end of her Employment with Affiliated, plaintiff was compensated at the rate of $13 per each hour she worked for Ms. Goncalez.

113. From September 3, 2014 forward and to the last date of Ms. Goncalez being its client, Affiliated was providing to Ms. Goncalez, and billing Fidelis Care, for 168 hours per week of PCA services related to her advanced Alzheimer's condition, and further complicating mental and respiratory conditions.

114. In or about early October 2015, Christine Bleakley, Ms. Goncalez' daughter, contacted defendants and asked that the PCA's servicing her mother; to which defendants responded they had seen their rate cut by Fidelis Care, and so could not give the PCA's any more money.

115. Ms. Bleakley offered that she "would have to find another agency that would pay more money to the girls hourly"; adding, "I would like to take [plaintiff]."

116. Ms. Bleakely confirmed that she was aware of plaintiff's Contract, but asked defendants if they would send her a copy of the signed Contract; to which defendants complied.

117. Thereafter, Ms. Bleakley contacted defendants, acknowledged she understood the Contract; asked them to "break it"; and, defendants declined.

118. Ms. Bleakley stated that she would "abide" by the Contract and not hire plaintiff; and thereafter informed defendants that she had approached a

competitor of Affiliated, Concepts of Independence, Inc. ("COI"), secured for the "girls" an increase in remuneration of one ($1) dollar per hour over what plaintiff was being paid at Affiliated, and had agreed to direct Ms. Goncalez to COI as her care provider.

119. Ms. Goncalez left the care of Affiliated on or about November 4, 2015, to become a client of COI; and on November 5, 2015 Affiliated in writing reminded Ms. Bleakley that she "cannot take any of Affiliated employees for 90 days.  They each have a non-compete clause in their contract with Affiliated."

120. As of the last day that the now 84-year old Ms. Goncalez' was its client, Affiliated was billing Fidelis Care at the rate of $18.55 for each hour worked on her behalf.

121. Between November 4 and December 4, 2015, another PCA of Affiliated informed defendants that she had seen plaintiff's "truck" at Ms. Goncalez's residence.

122. On or about December 4, plaintiff contacted defendants by telephone to inform she was going to "take a break" from her Employment and would not be working for a while.

123. Defendants informed plaintiff that it was fine for her to "take a break" from her Employment, but added: "You know that you signed a Contract with Affiliated that you could not work on the same client for 90 days.  After the 90 days, if you choose to, you may go back to that same client."

124. Plaintiff replied to defendants' admonition (in paragraph 123 above), "I understand."

125. Upon information and belief, on or about December 5, 2015 (if not in the weeks immediately prior thereto), plaintiff began employment with COI.

126. On or about December 9, 2015, in a signed writing defendants' general counsel informed plaintiff that she was in facial breach of her Contract with Affiliated, having agreed not to provide service to any of Affiliated's clients "for a period of 90 days after termination from employment with Affiliated."

127. Upon information and belief, from on or about December 5, 2015 (if not in the weeks immediately prior thereto), and up to and including the date of this counterclaim, plaintiff has accepted employment in direct competition with, and to the detriment of, Affiliated.

128. Plaintiff has thus violated her signed Contract "not to accept employment, either directly or indirectly from any client of Affiliated to whom [she had] been assigned."

129. Affiliated has been damaged thereby.

130. As a result of the damages caused by plaintiff acting in breach of the Contract in her following Ms. Gonzales to COI, Affiliated has suffered a "90 days" loss of income of forty thousand sixty-eight ($40,068.00) dollars.

## JURY DEMAND

131. Affiliated and Kessman demand a trial by jury, on all such issues triable by a jury, in the above-entitled action.

RESERVATION OF RIGHT TO AMEND

132. Affiliated and Kessman reserve the right to amend their answer and to assert additional defenses and/or supplement, alter, or change their answer and/or defenses upon the discovery of more definitive facts and/or completion of the ongoing process of investigation and discovery.

WHEREFORE, Affiliated and Kessman request an order of the Court:

(a) Dismissing the Complaint herein;

(b) Granting on the counterclaim damages in the amount of forty thousand sixty-eight ($40,068.00) dollars;

(c) Granting defendants the costs of this action, including reasonable attorneys' fees; and

(d) Granting defendants such other and further relief as the Court may deem just and proper.

Dated: Ossining, New York
May 26, 2016

Respectfully submitted,

FELSENFELD LEGAL, PLLC

_____/s/_____
By: Steven Felsenfeld, Esq. (SF-2014)
6 Knoll View
Ossining, NY  10562
(914) 844-4911
steve@felsenfeldlegal.com

Attorneys for Defendants

TO: Daniel C. Stafford, Esq. (DS-0133)
McCABE & MACK
63 Washington Street
Poughkeepsie, NY  12601
(845) 486-6800

Nathanial K. Charny, Esq. (NC-5664)
CHARNY & ASSOCIATES
9 West Market Street
Rhinebeck, NY  12572
(845) 876-7500

Attorneys for Plaintiff