

Litigation & Intellectual Property

February 5, 2024

Daniel S. Bretzius, Esq.
Dan B Law PLLC
75 South Main Street, #272
Concord, NH 03301
(603) 731-2507
Dan@DanBLaw.com

**MEMO ENDORSED**

*Delivered VIA ECF*
Hon. Kenneth M. Karas
U.S.D.C., Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

Re:     **Case No. 7:16-cv-01593-KMK**
        <u>**Alves v. Affiliated Care of Putnam, Inc. et al.**</u>
        **Plaintiffs' Submission Dated February 2, 2024 (ECF No. 356)**

Your Honor,

I write you today on behalf of Defendants Affiliated Home Care of Putnam, Inc. and Barbara Kessman (collectively "Defendants"), and in regards to a recent filing submitted by Plaintiffs on February 2, 2024. <u>See</u> ECF No. 356. Defendants necessarily and respectfully request that the Court strike and disregard Plaintiffs' submission in its entirety, for at least the reasons that follow. To the extent that Court deems more formal briefing and/or a conference with the Court necessary and appropriate, Defendants kindly request the same.

First, Plaintiffs' submission was filed as a "Pretrial Memorandum". <u>See</u> Docket Text for ECF No. 356. As the Court is aware, Plaintiffs' "Pretrial Memorandum" was originally due on or before December 31, 2023. <u>See</u> Docket Text dated October 19, 2023. That deadline was extended, at Plaintiffs' unilateral request, to on or before January 23, 2024. <u>See</u> Docket Text dated December 29, 2023.  Thus, to the extent that the submission is a "Pretrial Memorandum", it is untimely and should be disregarded by the Court.

The title of the submission within ECF No. 356 is "Plaintiffs' Response to Defendants' Pretrial Submissions". As the Court is aware, to the extent the title properly describes the submission, any oppositions that Plaintiffs desired to submit in opposition to Defendants' pretrial filings were originally due on or before January 7, 2024, and were due on or before January 30, 2024 by virtue of Plaintiffs' requested extension. <u>See</u> Plaintiffs' Individual Rule of Practice V,C. As such, the objections are waived; the submission is untimely and should be disregarded by the Court.

1

The first section of Plaintiffs' submission purports to be "Responses to Defendants' Proposed Jury Instructions". See ECF No. 356 at pp. 2-3. As similarly explained above, such a filing was originally due on or before January 7, 2024, and was due on or before January 30, 2024 by virtue of Plaintiffs' requested extension. See Plaintiffs' Individual Rule of Practice V,C.i. As such, the objections are waived; the section is untimely and should be disregarded by the Court.

The second section of Plaintiffs' submission purports to be "Response to Defendants' Proposed Verdict Form." See ECF No. 356 at pp. 3-4. As the Court is aware, the Individual Rules of Practice of this Court neither invite nor permit any such objections to be filed at this time. See Plaintiffs' Individual Rule of Practice V,C. Even if the same were permitted, the deadline for such objections would necessarily be the same January 30, 2024 deadline as the other objections, supra, which would render any objections to Defendants' Proposed Verdict Form waived as untimely.

Finally, the majority of Plaintiffs' submission purports to be a section entitled "Defendants' Standing Argument Should Be Rejected". See ECF No. 356 at pp. 4-7. In this section, Plaintiffs attempt to oppose the Court's lack of subject matter jurisdiction over the three-paragraph allegation that Defendants violated NYLL Section 195. See ECF No. 262 at Count III, ¶¶ 59-61. Contrary to Plaintiffs' assertion in their recent submission, such arguments were not raised in Defendants' proposed jury instructions, proposed voir dire, or proposed verdict form. See ECF Nos. 346, 347, and 348. Instead, such arguments were raised in Defendants' Motion to Decertify Collective Action and Class Action, filed on December 19, 2023. See ECF No. 341 Plaintiffs already had ample opportunity to oppose those arguments, including a three-week filing extension. See ECF Nos. 342-344. Plaintiffs chose to almost completely disregard Defendants' motion and submitted only eight-and-a-half pages of remarks. See ECF No. 344. It is clear to see that the bulk of Plaintiffs' newest submission is not "objections to pretrial submissions", but is instead an attempt to append a prohibited motion sur-reply to the back of already improper and untimely objections. Plaintiffs' prohibited sur-reply must be rejected and disregarded in its entirety. See Plaintiffs' Individual Rule of Practice II,B. ("Sur-reply memoranda will not be accepted without prior permission of the Court.").

In total, Plaintiffs have not provided any timely or appropriate content in their submission and the entirety of ECF No. 356 must therefore be stricken and disregarded.

With sincerest thanks for your attention to this matter,

Defendants' application is denied for the reasons set forth in Plaintiffs' response. (See Dkt. No. 360.)

SO ORDERED.

6/12/2024

/s/ Daniel S. Bretzius
Daniel S. Bretzius, pro hac vice
Dan B Law PLLC
75 South Main Street, #272
Concord, NH 03301
(603) 731-2507
dan@danblaw.com

Attorney for Defendants
Affiliated Home Care of Putnam, Inc. and
Barbara Kessman